FILED

**Aaron Christopher Espinosa**
1800 W. Badillo Street Apt: 617
West Covina CA, 91790
Cell:(562) 646-2297
espinosa.aaron12231984@gmail.com

2018 OCT 24  AM 9: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

## UNITED STATES DISTRICT COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES CENTRAL DIVISION

Aaron Christopher Espinosa, )

**Plaintiff**
vs.

**California State University Los Angeles/CSU System;**
Office of Students with Disabilities Counselor: Gonzalo Centeno
CSULA Trustee; Adam Day
TVFM MFA Chair: Kristina Hackle
COMM MA Chair: David Olsen
Dr. D Robert DeChaine
Dr. Kelly Madison

**University of California Los Angeles/UC system;**
Regent; Maria Anguiano
Dept. Chair:
Kathleen Mc Hugh
Screen Writing Head:

**CASE #**

# CV18-9123-R (MAAx)

**Complaint/Cause of Action**

Complaint for Damages for Educational Discrimination Violation of ADA & Rehabilitation Act, Intentional/negligent Infliction of emotional Distress

**Chapter 362 Mental Suffering and emotional distress;**
**§362.10** Intentional Infliction of Emotional Distress
**§362.11** Negligent Infliction of Emotional Distress), and **Chapter 565 Unfair**

---

- 1 -
DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

1 Phyllis Nagy/Walter
2 Richards

3 **University of Southern**
**California**
4 Trustee: Miriam Adelson
5 Peter Stark producers
6 program Chair:
Larry Truman
7 John Wells Div. Writing for
8 Screen and TV Chair:
Kristen Davis
9

10 **East Los Angeles Community**
**College/LACCD**
11 Students with Disabilities
12 Office
13 Director
Patricia Salguerio
14 ELACC Trustee:
15 President Mike Fong

16

17            **Defendant(s)**

18

19

20

21

22

23

24

25

26

27

28

**Competition/Unfair Business**
**Practices**
**§ 565.31** Unlawful, Unfair,
or Fraudulent Business
Practice

**§ 565.36** Suit for Civil
Penalty **[4]** Penalty for
Violation Against Senior
Citizen or Disabled Person
**[a]** In General

**Cause of Action**
**Claim (I-II)**
Violation of Title II of
the Americans with
disability Act of 1990
**(Program**
**Services/participation)**
Chapter 112 Civil Rights:
**§ 112.15** Federal
Legislation Prohibiting
Discrimination Against
Disabled Persons in
Government-Funded Programs
and Activities
**§ 112.10** Governing Law
**§ 112.11** Prohibition
Against Discrimination in
State-Funded Programs: GOV.
Code **§ 11135**, et seq.se
**Govt. Code 12940.**

**Cause of Action**
**Claim (III)**
Violation of Title II of
the Americans with
disability Act of 1990
**(Program participation)**

- 2 -
DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

Chapter 112 Civil Rights: **§112.15** Federal Legislation Prohibiting Discrimination Against Disabled Persons in Government-Funded Programs and Activities **§112.10** Governing Law **§112.11** Prohibition Against Discrimination in State-Funded Programs: GOV. Code **§11135,** et seq.se

**Cause of Action (Claim IV) 565 Unfair Competition/Unfair Business Practices**

**§565.31** Unlawful, Unfair, or Fraudulent Business Act or Practice *[3]* *"Act or Practice" [4]*"Unlawful" Acts and Practices **[a]** In General

**Cause of Action (Claim V) Chapter 362 Mental Suffering and emotional distress; §362.10** Intentional Infliction of Emotional Distress **§362.11** Negligent Infliction of Emotional Distress

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**JURISTICTION**

**1)**. This Court has jurisdiction under 28 U.S.C. **§ 1331**. Jurisdiction is therefore given to the Central District Federal Courthouse. This action arises under **29 U.S.C. §794** (The Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990). The jurisdiction of this Court is predicated on **28 U.S.C. §1331** and **§1343;**

**VENUE**

**2)**. A substantial part of the events giving rise to this action occurred in Los Angeles County California. Venue is therefore proper under **28 U.S.C. §1391(b)**.

Central District Federal Courthouse 255 East Temple Street Los Angeles, CA 90012.

**PLAINTIFF**

**3)**. Aaron Christopher Espinosa resides at 1800 West. Badillo Street Apt# 617. West Covina, CA. 91790

**DEFENDANT(s)**

**4)**. Defendant **(A) California State University Los Angeles:** 5151 State University Dr. Los Angeles, CA 90032.

- 4 -
DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**Former TVFM Chair**: Kristina Hackle; **Communication Studies Chair**: David Olsen, Dr. D Robert DeChaine, Dr. Kelly Madison; **Office of Students with Disabilities Program Director** Gonzalo Centeno

**California State University System**- Address: 401 Golden Shore. Long Beach, CA 90802. **CSULA Trustee**: Adam Day **CSULA Legal Counsel** Victor King.

**5).** Defendant **(B) University of California Los Angeles** Los Angeles, CA 90095 TVFT Chair: Kathleen McHugh, program Head Phyllis Nagy/Walter Richards, **University of California System**- 1111 Franklin St., 12th floor Oakland, CA 94607. UCLA Regent: Maria Anguiano

**6).** Defendant **(C) University of Southern California**: Los Angeles, CA 90089. Chair: Larry Truman, Kristen Davis, Trustee: Miriam Adelson

**7).** Defendant **(D) East Los Angeles Community College**: 301 Avenida Cesar Chavez, Monterey Park, CA 91754 Students with Disabilities program. **LACCD (Los Angeles Community College District)** 770 Wilshire Blvd, Los Angeles, CA 90017. Board of Trustee: Mike Fong

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**ELACC Students with Disability program** Patricia Salguerio.

## STATEMENT OF FACTS

**EAST LOS ANGELES COMMUNITY COLLEGE STUDENTS WITH DISABILITIES PRORGAM**

**8).** Plaintiff Aaron Christopher Espinosa was a Student at East Los Angeles Community College from Spring 2006-Summer 2008.

**9).** Plaintiff was a student at ELACC studying for an Associates Degree in Administration of Justice.

**10).** Between 2006 and 2007 Plaintiff Aaron Espinosa was regarded/perceived as possessing a Disability and referred to ELACC Students with Disabilities Program.

**11).** Faculty and Staff regarding/perceiving plaintiff Aaron Espinosa as possessing a Disability ADJ professor Wayne Posner, ADJ Professor Patrick Hauser, ADJ Secretary/Receptionist Sandra Rodriguez, and/or EOPS Counselor Joseph Sandoval.

**12).** Plaintiff Aaron Espinosa went to ELACC Students with Disabilities program checked in and was shortly after

greeted by Patricia Salguerio and was walked to Patricia's Office.

**13).** Plaintiff questioned Patricia what he needed to do to receive services offered through ELACC Students with Disabilities program.

**14).** Patricia Salguerio Stated that in order to receive services offered through ELACC Students with Disabilities Program that he the plaintiff would need to furnish proof of Disability.

**15).** Plaintiff did not have documentation of Disability, however did recall being voluntarily checked in to Las Encinas Medical center in 1998-1999 for high levels of Stress later released within 24-48 hours.

**16).** Patricia Salgueria again stated making it clear that any documentation submitted would need to state proof and confirmation of disability.

**17).** The Plaintiff left Patricia Salgueria's Office without being accepted into ELACC Students with Disabilities program and without Educational accommodations the Plaintiff was entitled to.

**18).** The Actions of ELACC Students with Disabilities program denying the Plaintiff program participation and program accommodations has lead to the Plaintiff Physical injury/physical sickness.

**19).** Plaintiff remains under a state recognized disability, Plaintiffs disability remains severe, and plaintiff is continuing psychiatric treatment and counseling.

**EVENTS FOLLOWING PLAINTIFF BEING DENIED PROGRAM SERVICES OFFERED THROUGH ELACC STUDENTS WITH DISABILITIES PROGRAM.**

**20).** Plaintiff following his being denied program participation and program accommodations with ELACC students with Disabilities program applied for Social Security Disability benefits at DLTA Social Security Office of Administration and was denied Disability benefits December 2007.

**21).** In 2007-2008 the Plaintiff unable to cope with the Stress and struggling with Educational Studies Dialed a 211 Help Line Voicing Suicidal Ideation.

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**22).** The Plaintiff after voicing suicidal Ideation was meet at his Residence by LCSW Brent Hale, and FSP Coordinator Keith Vielle, and was voluntarily checked into UCLA Harbor Medical Center and was released within 24 hours.

**23).** The Plaintiff following his release from UCLA Harbor Medical Center began receiving Psychiatric and Counseling services offered through the American Indian Counseling Center located at 17707 Studebaker Rd # 208, Cerritos, CA 90703.

**24).** Plaintiff was receiving psychiatric counseling from Estella Illagan MD (now retired) and Brent Hale LCSW.

**25).** After two years of psychiatric counseling the Plaintiff was diagnosed with Paranoid Schizophrenia/Bipolar disorder, and in 2010 through appeal was awarded Social Security Disability Benefits.

**26).** Plaintiff Aaron Christopher Espinosa continued Counseling and Psychiatric Services with American Indian Counseling Center until Fall 2014 when starting Counseling

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

1  and psychiatric Services offered through CSULA Student

2  Health Center.

3  **27).** Plaintiff from Fall 2014 through Spring 2018 was

4  receiving Counseling and Psychiatric services offered

5  through CSULA Student Health Center.

6  **28).** Plaintiff is now back with the American Indian

7  Counseling Center and has begun seeing psychiatrist Dan

8  Dickerson, and LCSW Christina Gracia.

9  **29).** The matter of fact is ELACC students with

10  disabilities program Faculty Patricia Salguerio Failed to

11  recognize the Plaintiff as possessing a disability after

12  being perceived/regarded as possessing a disability and

13  was referred to ELACC students with Disabilities program

14  by ELACC Staff and faculty mentioned in number 11.

15  **30).** As a result of Patricia Salguerio overlooking a

16  mandatory breach of Duty owed to the plaintiff as a

17  disabled individual under the scope of her employment

18  failed to offer the Plaintiff program

19  participation/admissions and educational accommodations.

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**31).** Plaintiff has suffered severe emotional Distress attributed by physical injury/physical sickness throughout the entire ordeal.

**32).** As a further proximate of the Plaintiff being denied program participation and program accommodations the Plaintiffs GPA has suffered drastically and the Plaintiffs chances for academic advancement has been diminished adding to the Plaintiffs physical injury/physical Sickness.

**33).** Plaintiff remains under Disability, Plaintiffs Disability last checked severity of the condition was marked Chronic and severe, as noted on Total Permanent Disability Application Filed in 2015.

**34).** that the Plaintiff has been deliberately discriminated against, has been victim if Unfair Business practices, and has and will continue to suffer severe emotional distress attributed by the Plaintiff Physical Injury/Physical illness.

## STATEMENT OF FACTS

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**CALIFORNIA STATE UNIVERSITY LOS ANGELES OFFICE OF STUDENTS WITH DISABILITIES PROGRAM**

**35).** Plaintiff was a Student of California State University Los Angeles and member of CSULA Office of Students with Disabilities Program from Fall 2014 through Spring 2018.

**36).** Plaintiff prior to Enrollment with CSULA Office of Students with Disabilities program submitted Documentation of Disability, either letter from social security office of administration showing the plaintiff was on disability, or award letter from Social security Office of adjudication and review.

**37).** During the first quarter with CSULA OSD program had not yet obtained medical records and symptoms associated with the Plaintiffs disability, however was still assigned the basic accommodations available to the Plaintiff.

**38).** The Plaintiff was assigned the basic accommodations as was instructed by Director Gonzalo Centeno, to OSD Coordinator Jesus Rivas while showing the Plaintiff how to login and out of his OSD page where the plaintiff was

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

instructed to notify his instructors each quarter of Disability and assigned accommodations.

**39).** The Basic accommodations that were allowed to the Plaintiff without the OSD obtaining documentation of disability related symptoms and diagnosis were **1).** preferential Seating, **2).** Double Time on Quiz's and Exams, and **3).** Note Takers. It should be noted that Accommodation Note Takers are based on a fellow student's willingness to assist another class mate in taking notes.

**40).** The Plaintiff accepted his assigned accommodations and began his first Quarter at CSULA.

**41).** During the Plaintiffs first quarter Fall 2014 the Plaintiff reported to the OSD Office Coordinator Jesus Rivas and Receptionist Cinthia Romero, that his educational accommodations assigned to help with his studies were unavailable. Accommodation being referred to is Note Takers.

**42).** The Plaintiff asking to speak with Director Gonzalo Centeno, was instructed by OSD Receptionist Cinthia Romero

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

and OSD Coordinator Jesus Rivas to come back after his

classes for the day were complete.

**43)**. Plaintiff returned to CSULA OSD Office after his

classes for the day were completed as instructed and was

greeted by Program Director Gonzalo Centeno stating

playfully: "So, no one was willing to help you. Alright,

let me see what I can do".

**44)**. The Plaintiff was not told "come into my office so we

can get you another accommodation", nor was the Plaintiff

told "let's get you another accommodation".

**45)**. At this time program Director Gonzalo Centeno had no

documentation of Medical records regarding the Plaintiff

Disability, the Plaintiffs diagnosis, symptoms related to

the Plaintiff Disability, and the severity of the

Plaintiffs Disability nor past experiences with Mr.

Espinosa not receiving accommodations during Junior

College in which his GPA was negatively impacted and which

lead to his applying for disability benefits.

**46)**. The manner in which program Director Gonzalo Centeno

handled the situation regarding the Plaintiffs

- 14 -

Accommodations being unavailable, and the manner in which the Plaintiff was being addressed was unprofessional, unethical, and inappropriate in dealing with student under a severe mental impairment/Disability.

**47).** Unprofessional Conduct as described in Georgia's Composite Medical Board (https://medicalboard.georgia.gov/what-unprofessional-conduct) Failure to conform to minimal Standards, and failure to recognize and act upon common symptoms.

**48).** Plaintiffs Disability is severe as can be noted by the plaintiffs 2015 Total Permanent Disability Application filled out by the Plaintiff Treating Physician From 2014 through 2018.

**49).** Plaintiff has been diagnosed with Schizoaffective Disorder, related symptoms are hallucination, delusions, disorganized thinking, Depressed Mood and Manic behavior. Paranoid schizophrenic Disorder related symptoms are persecutory delusions accompanied by hallucinations particularly the auditory variety and perceptual disturbances.

- 15 -

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**50).** Program Director Gonzalo Centeno Failed to address the issue regarding the Plaintiffs Educational accommodations being unavailable in a professional manner by stating to the Plaintiff while keeping a professional demeanor "let's get you another accommodation" or "come into my office so we can get you another accommodation".

**51).** Program Director witnessed how the Plaintiff was reacting to his playful approach, witnessing first-hand the Plaintiff diagnosed related symptoms and immediately again unprofessionally and unethically addressing the Plaintiff given the Plaintiff an ultimatum this time stating "Do you want another accommodation or not".

**52).** Again, the program Director Gonzalo Centeno's approach and manner in which the situation was being handled was unprofessional, unethical, and ill mannered.

**53).** The Plaintiffs did not know how to respond to program Director Gonzalo Centeno's unprofessional approach to the situation, due to the Plaintiffs disability the Plaintiff was at an understanding that Program Director maybe unable to provide the Plaintiff with alternative accommodations,

- 16 -

at which point the Plaintiff began making his exit from the OSD office.

**54).** Program Director seen how the Plaintiff was responding to his approach to the matter, again unprofessional mentioned to the Plaintiff "I do not want to hear you later saying that I did not give you your accommodations".

**55).** The Plaintiff left the OSD office without receiving alternative accommodations, as the Plaintiff was experiencing symptoms related to his disability and recalling past negative experiences.

**56).** The Plaintiff Disability is severe in which as has been noted the slightest change can trigger the Plaintiffs symptoms.

**57).** No individual under a disability should be caused to think that there may or may not be any help that can be provided resulting from unprofessional and unethical conduct.

**58).** Program Director in this matter did not handle the situation professionally and as a result the Plaintiff

went through his first Quarter at CSULA without his needed educational accommodation.

**59).** After discussing the matter with someone who has been made well aware of the situation has brought to my attention that it is likely and possible Program Director who has not mental but physical impairments forgot what it was like to have to fight for accommodations and in forgetting so has forgotten how ones disabling factor can affect him in everyday life especially in communication.

**59).** The program Director did not take into consideration the Plaintiffs disability as a factor and symptoms there related to, and how his disability affects his everyday life, when interacting with the Plaintiff.

**60).** Half way through the Plaintiffs first quarter the OSD program was faxed documentation of the Plaintiffs Diagnosis from the Plaintiffs prior treating Physician Dr. Estella Illagan MD. with the American Indian Counseling center Cerritos CA, who indicated she was willing to further assist in helping the Plaintiff.

**61)**. At this time, it is assumed that the program Director did not contact the Plaintiffs prior treating physician to better assist the Plaintiff in providing him with proper educational accommodations.

**62)**. Again, the Plaintiff went through his first quarter without needed educational accommodations in class.

**63)**. During the second quarter the plaintiff was called into program directors office to generate documentation of his accommodations being provided through the program. Documented Evidence shows Date Records were generated.

**64)**. During the Plaintiff and program Directors meeting during the Plaintiffs second quarter was asked to recall the Accommodations that were assigned to him during his first quarter, Plaintiff mentioned **1)** Preferential Seating **2)** Double time on Exams and Quiz's and **3)** Note Takers.

**65)**. While generating documentation of accommodations the Plaintiff was assigned Program director was mentioning other accommodations available **1)** recorded Lectures **2)** Readers and **3)** Class Transcription.

**66).** Plaintiff inquired about Readers and Class Transcription. However, Program Director playfully mentioned to the Plaintiff "you do not need those", more so implied in an inquiring manner.

**67).** Documentation of the Plaintiff disability noted the Plaintiffs had depressive symptoms, Auditory hallucinations and Paranoid delusions, concentration problems and memory issues.

**68).** Documentation further stated the Plaintiffs Diagnosis Bipolar Disorder with psychotic features, and Schizo effective Disorder later classified as paranoid schizophrenia.

**69).** Plaintiff Records would indicate that the Plaintiff did in fact qualify for alternative accommodations to the Plaintiffs Note Taking accommodations which was unavailable during his entire undergraduate study with exception for the Plaintiffs last two semesters.

**70).** Plaintiff suffered with Hearing as is documented as auditory Hallucination, and delusions, which would make

class transcriptions ideal for the Plaintiffs accommodations in place of Note Taking accommodation.

**71).** If Program Director would have consulted with the Plaintiff prior treating physician, explaining that the plaintiff was assigned an accommodation but was unavailable and questioned an alternative accommodation one can imagine that a Doctor would agree that the Plaintiffs Disability being severe it would be better to provide the Plaintiff alternative accommodation instead of no accommodation.

**72).** It needs to be questioned as to why the Program Director waited to the second semester to obtain medical records from the Plaintiff.

**73).** It needs to be questioned why the Program director never consulted with the Plaintiffs treating physician as to alternative accommodations for the plaintiff in place of the plaintiffs note taking accommodation.

**74).** The Purpose of obtaining medical records is to see what accommodations would be appropriate for CSULA OSD clients, and to consult with treating Physicians if

necessary, in addition to having records that the

Plaintiff is in fact under a state recognized disability.

**75)**. During the Plaintiffs second quarter the Plaintiff

again was reporting his educational accommodations being

unavailable.

**76)**. When notifying the Program Director during the second

quarter the program Director responded to the Plaintiff

Stating "try your best".

**77)**. Program Director when again being notified of the

Plaintiffs accommodation being unavailable should have

either consulted with the Plaintiff treating physician

regarding alternative accommodations, or looked into his

medical file to see if he qualified for alternative

accommodations.

**78)**. If program director would have done as mentioned it

would be otherwise clear the Plaintiff did qualify for

alternative accommodations readers, and Class

transcription, as can be noted from the Plaintiff

suffering from Auditory hallucinations, trouble

concentrating and memory issues and related symptoms attributed to the Plaintiffs diagnosis.

**79)**. The Program Director did not do as mentioned as a result the Plaintiff went through his undergraduate study without educational accommodations.

**80)**. The Plaintiff was again experiencing high levels of stress and was suffering severe emotional distress attributed to the Plaintiff physical injury/physical sickness as can be noted from his treating Physician, and other professors, faculty, and staff with CSULA, Jennifer Miller Dean of Students, Associate Dean of Students Carol Roberts, and Animation Professor Jim Ovelmen.

**81)**. During the second quarter and quarters and semester following the Plaintiff continued to notify Program Coordinators, Program Receptionist, and Program Director of his accommodations Note Takers being unavailable and still no alternative accommodation was provided over a three to four-year period during the Plaintiffs under graduate study.

- 23 -

**82).** Program Director overlooked a breach of Duty owed to the Plaintiff as a member of the disabled community under the scope of his employment as a result the Plaintiff went without accommodation during his undergraduate studies and did suffer a significant amount of emotional distress attributed to the Plaintiffs physical injury/physical sickness along with his GPA slightly suffering.

## STATEMENT OF FACTS

### CALIFORNIA STATE UNIVERSITY LOS ANGELES TELEVISION FILM MEDIA STUDIES MASTERS OF FINE ARTS OPTION IN DRAMATIC WRITING PROGRAM

**83).** Plaintiff was a Student at California State University from Fall 2014 through Spring 2018.

**84).** Plaintiff was regarded and perceived as possessing a Disability on Campus, had record of disability, and was a member of CSULA Office of Students with Disabilities program, thereby Placing CSULA Television Film Media Studies Master of Fine Arts Dramatic Writing Option on notice of the Plaintiff Medical Condition and or Disability.

- 24 -

**85).** The Plaintiff applied to California State University Los Angeles Masters of Fine Arts Television Film Media Studies Option in Dramatic Writing Program Fall 2016 for Fall 2017 admissions and was denied program participation.

**86).** The Plaintiff qualified for program participation the Plaintiff had a 3.0 or above, the Plaintiff submitted both University and Departmental Application, and the Plaintiff would have possessed a Bachelor's Degree prior to the Start date of the Program.

**87).** Plaintiff does possess record that he would have graduated Spring 2017, however, the Plaintiff postponed his graduation by one year while investigating his being denied program participation; why the plaintiff's disability was not a contributing factor in considering the Plaintiff for program participation; and why CSULA MFA TVFM program Comity, Chair, Directors, and coordinators did not implement Federal Laws designed in aid of those faced with physical and mental Impairments/Disabilities during the Candidate selection Process. TVF Academic Counselor Derrick Baker was notified of the Plaintiff

- 25 -

intentions by the Plaintiff when postponing his Graduation
Date.

**88).** California State University Los Angeles Television
Film Media Studies Department Master of Fine Arts option
in Dramatic Writing Program Chair and Graduate Studies
Comity Failed to recognize the Plaintiff as possessing a
Disability under 42USC 12102.

**89).** In failing to recognize the plaintiff as possessing a
disability, program Comity, Chair, directors, and
coordinators overlooked a Mandatory Breach of Duty owed to
the Plaintiff as a member of the Disabled community under
the scope of their employment, further failing to
implement federal Laws 42 USC 12182.

**90).** The Plaintiff new something was wrong when he was
denied program admissions, the Plaintiff being compared to
other candidates who are not under a disability would be
unfair and would present a Disparate Impact Claim/cause of
action.

**91).** Defendants actions further show Violations of Unfair
Business Practices under California Forms of Pleading and

- 26 -

Practice Volume 49 Chapter 565 Unfair Competition §565.31 Unlawful, Unfair, or Fraudulent Business Act or Practice [4] "Unlawful" Acts and Practices, §565.36 Suit for Civil Penalty [4] Penalty for Violation Against Senior Citizen or Disabled Person, California Forms of Pleading and Practice Volume 32 Chapter 362 MENTAL SUFFERING AND EMOTIONAL DISTRESS §362.10 Intentional Infliction of Emotional Distress [3] Outrageous Conduct

**92)**. Plaintiff has suffered severe emotional distress attributed by the Plaintiff Physical injury/Physical Illness do to the denial to California State University Los Angeles Television Film Media Studies Program Master of Fine Arts Option in Dramatic Writing program, as can be noted by CSULA Faculty and Staff Jennifer Miller Dean of Students Carol Roberts Corb Associate Dean of Students, and Animation Professor Jim Ovelman, as well as the Plaintiffs Treating Physician during his under graduate studies.

**93)**. Current Program application to University and Departments do not possess a platform for students under a

disability to notify such departments of Disability so that proper actions can be taken as is outlined under Federal and State Laws.

## STATEMENT OF FACTS

**CALIFORNIA STATE UNIVERSITY LOS ANGELES MASTER OF ARTS IN COMMUNICATION STUDIES & MASTERS OF ARTS IN COMMUNICATION STUDIES OPTION IN TELEVISION FILM MEDIA STUDIES PROGRAM**

**94).** Again, the Plaintiff was a Student at California State University Los Angeles from Fall 2014 Through Fall 2017.

**95).** The Plaintiff while a Student at CSULA was regarded and or perceived as possessing a disability on campus, had record of Disability, and is under a state recognized disability and member of the Campus Office of students with disabilities program.

**96).** The Plaintiff applied to California State University Los Angeles Master of Arts in Communications Studies, and Master of Arts in Communication Studies option in

Television Film Media Studies in 2017 for Fall 2018 Admissions.

**97).** The Plaintiff inside of both Graduate School applications to University of California State University Los Angeles Master of Arts in Communication Studies and Master of Art in Communication Studies Option in Television Film and media Studies for Fall 2018 notified Department Chair and Graduate Admissions Comity of the Plaintiffs Disability inside if the Plaintiffs Application inside of the Plaintiff Resume/Curriculum Vitae.

**98).** Plaintiff notifying both CSULA Communication Studies programs of the Plaintiff Disability shows deliberate intentions in denying the Plaintiff program admissions, after being notified of disability and otherwise requesting accommodations.

**99).** Plaintiff did qualify for program admissions the Plaintiff had a 3.0 GPA or above, the Plaintiff submitted both University and Departmental application, and the Plaintiff would have possessed a Bachelor's Degree prior to each Programs Start date.

- 29 -

**100).** Plaintiff after notifying program directors and or coordinators of the Plaintiff Disability inside of the Plaintiffs application the Plaintiff was still denied program admission.

**101).** Both CSULA **Master of Arts Program in** Communications Deliberately Failed to recognize the Plaintiff as possessing a disability under Federal Law 42 USC 12102.

**102).** As a further result of Defendants Failing to recognize the Plaintiff as meeting qualification of disability under federal Law have further overlooked a breach of duty owed to the Plaintiff under the scope of their employment, deliberately failing to implement Federal Laws 42 USC 12182.

**103).** Plaintiff as a result has suffered severe emotional distress attributed by the Plaintiffs physical injury/physical sickness as a result of both CSULA Graduate Communication Studies programs failing to implement federal Laws mentioned above.

**104).** Defendants actions further show Violations of Unfair Business Practices under California Forms of Pleading and

Practice Volume 49 Chapter 565 Unfair Competition §565.31 Unlawful, Unfair, or Fraudulent Business Act or Practice [4] "Unlawful" Acts and Practices, §565.36 Suit for Civil Penalty [4] Penalty for Violation Against Senior Citizen or Disabled Person, California Forms of Pleading and Practice Volume 32 Chapter 362 MENTAL SUFFERING AND EMOTIONAL DISTRESS §362.10 Intentional Infliction of Emotional Distress [3] Outrageous Conduct

## STATEMENT OF FACTS

**UNIVERSITY OF CALIFORNIA LOS ANGELES SCHOOL OF THEATER FILM AND TELEVISION SCREEN WRITING PROGRAM**

**105).** The Plaintiff in 2017 applied to the University of California State University Los Angeles School of Television Film and Theater Screen Writing Program for Fall 2018 Admissions.

**106).** The Plaintiff inside of the Plaintiffs Application did notify Program Director and Graduate School Admissions Comity of the Plaintiffs Disability Inside of the personal History Statement.

**107).** Plaintiff has confirmation of Letters of recommendations received.

**108).** The Plaintiff qualified for program Admissions, the Plaintiff had a 3.0 or better in his last 60-90 quarter and or semester Units. The Plaintiff submitted both University and Departmental application, and the Plaintiff would have possessed a Bachelor's Degree prior to the Programs Start Date.

**109).** The Plaintiff was denied program Admissions to University of California Los Angeles School of Theater Film and Screen Writing Program for Fall 2018 Admissions.

**110).** University of California Los Angeles School of Theater Film and Screen Writing Program after being notified of the Plaintiffs disability deliberately failed to recognize the Plaintiff as meeting qualifications as being disabled under Federal Laws 42 USC 12102.

**111).** University of California Los Angeles School of Theater Film and Screen Writing Program failing to recognize the Plaintiff as possessing a disability deliberately overlooked a mandatory breach of duty owed to

the Plaintiff as member of the disabled community under

the scope of their employment, failing to implement

Federal Law 42 USC 12182.

**112)**. Plaintiff as a result has suffered severe emotional

Distress attributed by the Plaintiff Physical

injury/Physical Sickness as can be verified by CSULA

Faculty Staff and the Plaintiffs Treating physician

resulting from the federally protected rights being

violated, as to all Claims/Causes of Action.

## STATEMENT OF FACTS

### University of Southern CA Cinematic Arts Master of Fine Arts Peter Stark producers program & John Wells Division of Writing for Screen and Television

**113)**. The Plaintiff in 2017 applied to University of

Southern CA Cinematic Arts Master of Fine Arts Peter Stark

Producers program & John Wells Division of Writing for

Screen and Television for Fall 2018 admissions.

**114)**. The Plaintiff inside of his Graduate School

application notified University of Southern CA Cinematic

Arts Master of Fine Arts Peter Stark Producers program &

John Wells Division of Writing for Screen and Television

of the Plaintiff being under a disability inside of the

Plaintiff Most Challenging Moments Essay.

**115).** Plaintiff has documentation showing that University

of Southern CA Cinematic Arts Master of Fine Arts Peter

Stark producers program & John Wells Division of Writing

for Screen and Television received letters of

recommendation. One Letter was sent via email after

discovering the professors email address was wrong and was

instructed to send the letter of recommendation via email,

it should also be noted that the Letter submitted as not

in format of the Slide room reference, however a letter

was still submitted as instructed by Department personal.

**116).** The Plaintiff qualified for program Admissions, the

Plaintiff had a 3.0 or better overall GPA. The Plaintiff

submitted both University and Departmental application,

and the Plaintiff would have possessed a Bachelor's Degree

prior to the Programs Start Date.

**117).** University of Southern CA Cinematic Arts Master of

Fine Arts Peter Stark producers program & John Wells

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

Division of Writing for Screen and Television deliberately failed to recognize that the Plaintiff meet qualifications and or standards of disability under Federal Laws 42 USC 12102.

**118).** University of Southern CA Cinematic Arts Master of Fine Arts Peter Stark producers program & John Wells Division of Writing for Screen and Television in failing to recognize the Plaintiff as meeting the standards of disability further overlooked a mandatory breach of Duty owed to the Plaintiff as a member of the Disabled community under the scope of their employment, failing to implement Federal Law 42 USC 12182.

**119).** The Plaintiff was still deliberately denied Program admission to University of Southern CA Cinematic Arts Master of Fine Arts Peter Stark producers program & John Wells Division of Writing for Screen and Television for Fall 2018 Admissions to Graduate Studies after being notified of Disability.

**120).** As a result, the Plaintiff has suffered severe emotional Distress attributed as can be verified by CSULA

Faculty Staff and the Plaintiffs Treating physician resulting from the federally protected rights being violated.

## CLAIM I

## EAST LOS ANGELES COMMUNITY COLLEGE STUDENTS WITH DISABILITIES PROGRAM

**Violation of the Americans with Disabilities Act of 1990 and the rehabilitation Act of 1973, 29 U.S.C. § 794.** (Program Participation)

**121).** Plaintiff re-alleges Paragraphs 8 through 34.

**122).** By defendant doing the above mention acts under paragraphs 8 through 34 Defendant is in violation of the Following laws:

**Chapter 112 CIVIL RIGHTS: GOVERNMENT-FUNDED PROGRAMS AND ACTIVITIES** Section **112.10** Governing Law, Section **112.11** Prohibition Against Discrimination in State-Funded Programs: Gov. Code § 11135, et seq., and Section **§ 112.15** Federal Legislation Prohibiting Discrimination Against Disabled Persons in Government-Funded Programs and Activities. **42 US Code Section 12102** Definition of Disability

(1)(a)(b)(c)(3)(a); **42 U.S. Code Section 12182**

prohibition of Discrimination by public accommodation

(a), (2)(A)(i)(ii)(iii).

## CLAIM II

### CALIFORNIA STATE UNIVERSITY LOS ANGELES OFFICE

### OF STUDENTS WITH DISABILITIES PROGRAM

**Violation of the Americans with Disabilities Act of 1990 and the rehabilitation Act of 1973, 29 U.S.C. §794.** (Program Accommodations)

**123).** Plaintiff re-alleges Paragraphs 35 through 82.

**124).** By defendant doing the above mention acts under paragraphs 35 through 82 Defendant is in violation of the Following laws:

**Chapter 112 CIVIL RIGHTS: GOVERNMENT-FUNDED PROGRAMS AND ACTIVITIES** Section **112.10** Governing Law, Section **112.11** Prohibition Against Discrimination in State-Funded Programs: Gov. Code §11135, et seq., and Section §**112.15** Federal Legislation Prohibiting Discrimination Against Disabled Persons in

Government-Funded Programs and Activities. **42 US Code Section 12102** Definition of Disability (1)(a)(b)(c)(3)(a); **42 U.S. Code § 12182** prohibition of Discrimination by public accommodation (a), (2)(A)(i)(ii)(iii).

## CLAIM III

**CSULA TVFM MFA OPTION IN DRAMATIC WRITING PROGRAM**

**UCLA TVFT MFA SCREEN WRITING PORGRAM**

**USC MFA PRODUCERS PRORGAM & WRITING FOR SCREEN AND TELEVISION PROGRAM**

**Violation of the Americans with Disabilities Act of 1990 and the rehabilitation Act of 1973, 29 U.S.C. §794.** (Program Participation)

**125).** Plaintiff re-alleges Paragraphs 83 through 120.

**126).** By defendant doing the above mention acts under paragraphs 83 through 120 Defendants are in violation of the Following laws:

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**Chapter 112 CIVIL RIGHTS: GOVERNMENT-FUNDED PROGRAMS AND ACTIVITIES** Section **112.10** Governing Law, Section **112.11** Prohibition Against Discrimination in State-Funded Programs: Gov. Code § 11135, et seq., and Section **§112.15** Federal Legislation Prohibiting Discrimination Against Disabled Persons in Government-Funded Programs and Activities. **42 US Code Section 12102** Definition of Disability (1)(a)(b)(c)(3)(a); **42 U.S. Code § 12182** prohibition of Discrimination by public accommodation (a),(2)(A)(I)(ii)(iii).

## <u>CLAIM IV</u>

**ELACC STUDENTS WITH DISABILITIES PROGRAM CSULA OFFICE OF STUDENTS WITH DISABILITIES PROGRAMCSULA MFA DRAMATIC WRITING PROGRAM CSULA MA COMMUNICATION STUDIES & COMMUNICATION STUDIES TVF OPTION**

**UCLA TVFT MFA SCREEN WRITING PROGRAM**

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

**USC MFA PRODUCERS PROGRAM & WRITING FOR SCREEN AND TELEVISION**

**Violations of 565 Unfair Competition/Unfair Business Practices** Section **§565.31** Unlawful, Unfair, or Fraudulent Business Practices; **§565.36** Suit for Civil Penalty **[4]** Penalty for Violation Against Senior Citizen or Disabled Person **[a]** In General

127). Plaintiff re-alleges Paragraphs 8 through 120.

128). By defendant doing the above mention acts under paragraphs 8 through 120 Defendants are in violation of the Following laws:

**565 Unfair Competition/Unfair Business Practices**

**§565.31** Unlawful, Unfair, or Fraudulent Business Practice; **§565.36** Suit for Civil Penalty **[3]** Outrageous Conduct **[4]** Penalty for Violation Against Senior Citizen or Disabled Person **[a]** In General

## <u>CLAIM IV</u>

**ELACC STUDENTS WITH DISABILITIES PROGRAM**

**CSULA OFFICE OF STUDENTS WITH DISABILITIES**

**PROGRAM**

**CSULA MFA DRAMATIC WRITING PROGRAM**

**CSULA MA COMMUNICATION STUDIES & COMMUNICATION**

**STUDIES TVF OPTION**

**UCLA TVFT MFA SCREEN WRITING PROGRAM**

**USC MFA PRODUCERS PROGRAM & WRITING FOR SCREEN**

**AND TELEVISION**

**Violations of Chapter 362 MENTAL SUFFERING AND**

**EMOTIONAL DISTRESS** Section **362.10** Intentional

Infliction of Emotional Distress; and

Section **362.11** Negligent Infliction of Emotional

Distress;

**129).** Plaintiff re-alleges Paragraphs 8 through 120.

**130).** By defendant doing the above mention acts under

paragraphs 8 through 120 Defendants are in violation of

the Following laws:

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

Section **362.10** Intentional Infliction of Emotional Distress.

## DAMAGES/RELIEF SOUGHT

**THEREFORE,** the Plaintiff request:

**131).** Compensatory Damages, general and special damages: Non-economic and Economic Damages According to **MICRA** (Medical Injury Compensation Reform Act), and U.S Equal Opportunity Employment Commission remedies for Employment Discrimination, Damages requested are demanded to be trebled for violations of: **Chapter 565 UNFAIR COMPETITION** § **565.36** Suit for Civil Penalty subsection **[4]** Penalty for Violation Against Senior Citizen or Disabled Person, Treble Damages are reasonable in amount.

**132).** **Exemplary Damages/Punitive Damages:** According to Equal Employment Opportunity Commission Remedies for Employment Discrimination which has been looked toward for Reasonable Amount in Damages.

**133).** Modifications in Junior College, University, and Departmental Applications: Plaintiff request a Section

- 42 -

dedicated to those with Disabilities be incorporated on all College, University, and Departmental Applications to better assist in making sure that "NO" Student faced with Disability is overlooked and or discriminated upon based on one's disability and that proper measures are taken during the admissions process.

**134).** Modification to the Plaintiffs Academic achievements at ELACC so that the Plaintiffs GPA while at ELACC will reflect what the Plaintiff would have reasonably earned while at ELACC if the Plaintiff would have had Educational Accommodations that the Plaintiff was qualified for and did in fact need.

**135).** That all University and Departments designated for student with disabilities be updated and informed as to Laws Designed in Aid of those faced with Disabilities to prevent any further discrimination, and hardships for those faced with Disabilities mentioned under claims 1 through 3, and review of the professional code of conduct.

**136).** Plaintiff be awarded an Honorary Doctorates Degree and or Honorary Master Degree.

**137).** Plaintiff be re-evaluated for the next programs Start Date.

**138).** Civil Penalties and any other remedy the Courts see fit.

**139).** Plaintiff's Attorney Fees if applicable.

## **VERIFICATION**

**140).** I, Aaron Christopher Espinosa declare:

I have read the foregoing complaint and know the contents thereof. I am informed and believe that the matters stated therein are true and on that ground, allege that the matters stated therein are true.


**141).** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

## **DEMAND FOR TRIAL**

**142).** Plaintiff Aaron Christopher Espinosa hereby demands a trial.

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

October. 24 ,2018

*Aaron Christopher Espinosa*

Respectfully submitted,

Aaron Christopher Espinosa

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)